UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACOB MENDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:12-cv-001863-JMS-MJD |
| ) | |
| MARC A. LAHRMAN, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion to Dismiss, Granting Motion to Amend, and
Directing Further Proceedings**

**I. Motion to Dismiss**

The defendants' motion to dismiss [dkt. 16] is **denied as moot** in light of the filing of the amended complaint on October 17, 2013.

**II. Motion to Amend**

**A.**

The plaintiff's motion to amend and/or supplement civil complaint [dkt. 20] is **granted** to the extent that the proposed amended complaint has been screened pursuant to pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). ABut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting *Fed.R.Civ.P.* 8(a)(2)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly,* 550 U.S. at 555, 557). An amended complaint replaces a prior complaint in its entirety, so the amended complaint must be complete.

   *Allegations*

The amended complaint filed on October 17, 2013, names four defendants: Jail Commander Charlie Murphy, Jailer Marc Lahrman, Sergeant Gray, and LPN Lee Ann Wheeler. The amended complaint alleges that while the plaintiff was confined at the Jackson County Jail, the defendants "negligently ignored the Plaintiff's multiple warnings that he was going to be physically harmed by another identified prisoner." Plaintiff was allegedly stabbed by another prisoner.

As to Sergeant Gray, the amended complaint alleges that he "committed acts of malice, negligence with reckless disregards (sic) to the obligation and duty of care owed to Plaintiff, thus causing Plaintiff to sustain physical (Stabbed) injury by another prisoner."

With respect to LPN Wheeler, the amended complaint alleges that she "committed acts of negligence, medical malpractice, malpractice, and malice in law, as a result of reckless disregard of the duty of care owed to the Plaintiff when LPN Wheeler neglected Plaintiff's medical needs." LPN Wheeler also allegedly "committed acts of 'Deliberate Indifference,' unreasonable lack of

skills or fidelity or her professional or fiduciary duties causing unnecessary pain & suffering, mental & emotional distress, possible permanent injuries."

The amended complaint alleges that Commander Murphy "committed acts of malice, negligence with reckless disregard to the obligation and duty of care owed to the Plaintiff, thus allowing Plaintiff to sustain serious physical injury by the hands of another identified prisoner." The amended complaint further alleges that Commander Murphy is "liable for the actions and inactions of Sergeant Gray and all other employees as their actions were within the scope of their employment."

The amended complaint alleges that Jailer Lahrman "negligently ignored Plaintiff's multiple warnings of being physically harmed by another identified prisoner, and Plaintiff's medical needs after being stabbed by the other prisoner." The amended complaint further alleges that Jailer Lahrman "committed acts of malice, negligence with reckless disregard and deliberate indifference to the obligation and duty of care owed to the Plaintiff," and that Jailer Lahrman "is liable for the actions or inactions of Sergeant Gray, LPN Wheeler, and Commander Murphy as their actions were within the scope of their employment."

*Analysis*

Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (internal quotation omitted). The amended complaint here is deficient because it offers labels and conclusions without sufficient facts to state a claim to relief that is plausible on its face. The amended complaint lacks factual information such as what happened when and by whom.

There are other reasons that the amended complaint fails to state a claim upon which relief can be granted against any defendant.  First, negligence, or even gross negligence, is not

enough to state a claim for relief pursuant to 42 U.S.C. § 1983.  *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005). Second, Mendez's at least partial theory of liability against Commander Murphy and Jailer Larhman is misplaced. In a civil rights claim, these defendants are *not* liable for the actions or inactions of other employees. "Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). "*Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596.

For the reasons given above, the proposed amended complaint is **dismissed** because it fails to state a claim upon which relief can be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024, n. 13 (7th Cir. 2013).

**B.**

The dismissal of the amended complaint will not lead to the dismissal of the action at this time. The plaintiff shall have another opportunity to present his claims. *Id.* at 1024 ("IFP applicants whose complaints are dismissed pursuant to a section 1915 screening for failure to state a claim should be granted leave to amend at least once in all cases in which Rule 15(a) would permit leave to amend."). It is apparent that Mendez is attempting to assert a failure to protect claim against certain defendants and he also believes that he was denied necessary medical treatment. He must allege sufficient facts, however, to state plausible claims that show that any particular individuals are liable.

In filing a second amended complaint, the plaintiff shall conform to the following guidelines: (a) the second amended complaint must be complete because it will completely

replace both prior complaints; (b) the second amended complaint shall not include any claims which have been dismissed in this Entry; (c) the second amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . " and must allege facts (who did what when) rather than labels and conclusions; (d) the second amended complaint must identify what legal injury he claims to have suffered and which individuals are responsible for each such legal injury; and (e) the amended complaint shall contain a clear statement of the relief that is sought.

Mendez shall have **through December 6, 2013,** in which to file a second amended complaint that complies with the guidelines provided in this Entry. If an amended complaint is filed, it will be screened. If no amended complaint is filed, the action will be dismissed pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

Date: 11/07/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

JACOB MENDEZ
151142
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168