UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JACOB MENDEZ,                        )
                                     )
            Plaintiff,               )
    vs.                              )   Case No. 1:12-cv-001863-JMS-MJD
                                     )
MARC A. LAHRMAN, et al.,             )
                                     )
            Defendants.              )

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

**I. Background**

Plaintiff Jacob Mendez ("Mendez") is a prisoner currently confined at the Correctional Industrial Facility. The incidents alleged in his complaint, however, occurred at the Jackson County Jail (the Jail"). In his third amended complaint, Mendez alleges that Jail Officer Marc Lahrman and Jail Commander Charlie Murphy violated his Eighth Amendment rights by failing to protect him from an assault by another inmate, and that defendant nurse Lee Ann Wheeler denied and delayed his access to medical care after he was attacked. He seeks compensatory and punitive damages.

The defendants have filed an amended motion for summary judgment seeking resolution of the claims against them based on the affirmative defense that Mendez failed to exhaust his available administrative remedies prior to filing this action. Mendez has opposed the motion for summary judgment and the defendants have replied.

For the reasons explained in this Entry, the amended motion for summary judgment [dkt. 53] is **granted.**

## II. Discussion

### A. *Legal Standards*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)

(footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

B.   *Undisputed Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mendez as the non-movant, are undisputed for purposes of the motion for summary judgment:

Mendez was incarcerated at the Jail from June 2, 2010, to October 27, 2011, when he was transported to the Indiana Department of Correction to serve his sentence for a drug offense. Another inmate attacked Mendez by stabbing him in the foot with a pencil on or about September 22, 2011.

The Jail has a grievance procedure set forth in the inmate handbook of Jackson County Jail Rules, given to every inmate upon entering the Jail. The booklet is in both English and Spanish. Under the grievance policy, all inmates have the right to file a grievance with the Sheriff, Jail Commander, or his designee. The grievance must be in writing and include the date, a statement of the grievance, the inmate's name and cell location, and be signed by the inmate. A written response is provided to all properly submitted grievances. A grievance form is provided to any inmate upon request.

The Jail Commander, Mr. Murphy, maintains copies of all grievances submitted. Between September 22, 2011, and October 27, 2011, Mendez submitted two grievances. On September 25,

2011, a grievance was submitted jointly by Mendez and another inmate concerning a pin number for telephone calls. The grievance was incorrectly dated September 25, 2010, but a response was issued on September 26, 2011.

On October 17, 2011, Mendez submitted a grievance concerning the confiscation of excess commissary medication he was keeping in his cell. A reply to that grievance was provided on October 21, 2011.

Mendez did not file a grievance concerning either the attack in question or the provision of medical care following the attack.

*C.    Analysis*

As noted, the defendants seek summary judgment on the basis that Mendez failed to exhaust his available administrative remedies. Mendez does not argue that he exhausted his administrative remedies before filing this action. Rather, he contends that he should not be required to exhaust administrative remedies.

This action was filed on December 20, 2012. Mendez first argues that he speaks Spanish and does not know the English language. This contention does not excuse his failure to file a grievance, however, because the inmate booklet that contains the grievance procedure is in Spanish. In addition, Mendez was able to file two grievances while he was at the Jail, demonstrating his ability to use the procedure.

Mendez's second argument is that he did not know that he could file a grievance against officers for allowing another prisoner to attack him or against a nurse because she denied him medical care. He argues that even if he had known, he could not have asked the very officials who allowed the attack to occur to compensate him with any expectation that they would do so without the intervention of a court. These contentions are meritless. The grievance policy does not restrict

the subject matter over which an inmate may complain in a grievance and, as noted above, the PLRA exhaustion requirement applies to all aspects of prison (and jail) life. *Porter,* 534 U.S. at 532.

Mendez's argument that to file a grievance against Jail officials for money damages would have been futile has long been rejected. "[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006) (citations omitted); *Dixon v. Page,* 291 F.3d 485, 488 (7th Cir. 2002) (the PLRA requires exhaustion "even if the [grievance] process could not result in a prisoner's desired form of relief").

Mendez's final argument is that he was no longer a "prisoner" at the Jail, and so the exhaustion requirement does not apply to him. The term "prisoner" is defined by the PLRA. 42 U.S.C. § 1997e(h) ("As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."). Mendez cites to case law that supports the proposition that once an inmate is released from incarceration, the exhaustion requirement no longer applies to him. This principle is accurate, however, it does not apply to Mendez. A plaintiff's status with respect to the exhaustion requirement is determined at the time he files his complaint. *Witske v. Femal,* 376 F.3d 744, 750 (7th Cir. 2004) ("In determining whether a plaintiff is a prisoner confined in jail, we must look to the status of the plaintiff at the time he brings his suit.") (internal quotation omitted). Although he filed this lawsuit after he was released from the Jail, he was continuously incarcerated

and was confined "in any facility," at the Plainfield Correctional Facility, at the time he filed this action. 42 U.S.C. § 1997e(h). He was a "prisoner" at the time this action was filed and he is subject to the exhaustion requirement.

It is undisputed that Mendez failed to complete the exhaustion process before filing this action. Therefore, in light of 42 U.S.C. § 1997e(a), Mendez's lawsuit should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

For the reasons explained above, the motion for summary judgment filed by the defendants [dkt. 53] is **granted.** Judgment consistent with this Entry and with the Entry of April 14, 2014, shall now issue.

**IT IS SO ORDERED.**

Date: September 15, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

JACOB MENDEZ
151142
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064